UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CULVER FRANCHISING SYSTEM, INC., a Wisconsin corporation, <br><br> Plaintiff, <br><br> v. <br><br> STEAK N SHAKE OPERATIONS, INC., an Indiana corporation, <br><br> Defendant. | C.A. No. _____ |

## COMPLAINT

This is an action for copyright infringement arising from the Defendant's unauthorized copying and use of Plaintiff's federal copyrighted advertisement in violation of the Copyright Act 17 U.S.C. § 101 *et seq*. Plaintiff seeks injunctive and other relief against Defendant for the reasons set forth below.

## PARTIES

1. Plaintiff Culver Franchising System, Inc., ("CFSI") is a Wisconsin corporation with its principal place of business at 1240 Water Street, Prairie du Sac, Wisconsin 53578. CFSI is engaged in the business of franchising independent businesspersons to operate Culver's® restaurants throughout the United States.

2. Defendant Steak n Shake Operations, Inc., (the "Defendant") is an Indiana corporation with its principal place of business at 500 Century Building, 36 S Pennsylvania

1

Street, Indianapolis, IN 46204. Defendant is engaged in the business of franchising independent businesspersons to operate Steak 'N Shake® restaurants throughout the United States.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

4. This Court has *in personam* jurisdiction over Defendant because it is registered to sell franchises in the district, conducts business in this district selling and soliciting the sale of franchise locations, and/or the events giving rise to CFSI's claim occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(a) because a substantial part of the infringement complained of herein occurred in this District and because Defendant advertises using the infringing content in this District.

## BACKGROUND FACTS

### CULVER'S BUTCHER QUALITY BEEF TV ADVERTISEMENT

6. On January 7, 2013, CFSI entered into a Client/Agency Working Agreement with Hiebing advertising agency ("Hiebing"). Pursuant to Article V of the Working Agreement, all copyrightable works made by Hiebing for CFSI were deemed the exclusive property of CFSI.

7. Pursuant to the Working Agreement, Hiebing began creating CFSI's "Butcher-Quality Beef" TV advertisement (the "Advertisement") on December 10, 2014.

8. On April 13, 2015, CFSI first ran the Advertisement on TV, and on April 22, 2015, first ran the radio version.

9. CFSI has never licensed or otherwise authorized Defendant to copy the Advertisement or make derivative works based upon it.

2

10. CFSI is, and at all relevant times has been, the owner of the copyright in the Advertisement. CFSI has never assigned the copyright in the Advertisement to any other entity.

11. The Advertisement is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights as of December 14, 2015 to CFSI.

### DEFENDANT'S INFRINGING TV ADVERTISEMENT

12. On October 7, 2015, seven months after CFSI's Advertisement publically aired, Defendant ran "The Original Steakburger" TV advertisement (the "Infringing Advertisement").

13. Defendant's Infringing Advertisement is substantially similar to CFSI's Advertisement.

14. The expression, images, dialogue, and sequencing of the two advertisements are substantially similar. Both advertisements feature a quintessential local butcher's shop with an older butcher displaying three different cuts of "well-marbled" beef that "come together" as the camera pans to the grill showing the patties being seared to "seal" in the flavor or juices.

A copy of CFSI's commercial is here:

https://www.youtube.com/watch?feature=player_embedded&v=gfULlxDEQio.

A copy of Defendant's commercial is here:

https://m.youtube.com/watch?v=sfwjYym8tWc

### RELATIONSHIP OF THE PARTIES

15. CFSI became aware of the Infringing Advertisement on November 11, 2015.

16. On December 3, 2015, a Culver's patron submitted a Guest Comment Card on CFSI's public website alerting CFSI that Defendant was running an advertisement which "blatantly" copied CFSI's advertisement.

3

17. On December 3, 2015, CFSI's General Counsel spoke with Defendant's Vice President—Legal, Barry Paige, asking Defendant to remove the Infringing Advertisement at the end of the current campaign in an attempt to resolve the dispute amicably. Defendant would not agree to do so.

18. On December 11, 2015, CFSI legal counsel sent Defendant a letter requesting that Defendant remove the Infringing Advertisement immediately. Besides an acknowledgement of the receipt of the letter, CFSI has not received a response as of the date of this filing.

### COUNT I
### Copyright Infringement

19. The allegations of paragraphs 1 through 18 are hereby incorporated by reference.

20. CFSI owns a valid copyright in the Butcher-Quality Beef TV Advertisement, federally registered as PA0001965379 / 2015-12-14.

21. CFSI's copyrighted Advertisement aired publically on April 13, 2015. Defendant's Infringing Advertisement, which is substantially similar to CFSI's Advertisement, aired on October 7, 2015. Regardless of whether CFSI can prove that Defendant copied CFSI's Advertisement directly, copying should be assumed because Defendant had access to CFSI's Advertisement and Defendant's Infringing Advertisement is substantially similar to CFSI's Advertisement.

22. Defendant's copying of CFSI's Advertisement infringes on the exclusive rights granted to CFSI under 17 U.S.C. § 106, including but not limited to, CFSI's exclusive right to reproduce the copyrighted work under 17 U.S.C. § 106(1); CFSI's exclusive right to prepare derivative works based upon the copyrighted work under 17 U.S.C. § 106(2); CFSI's exclusive right to publically perform the copyrighted work under 17 U.S.C. § 106(4) and CFSI's exclusive right to publically display the copyrighted work under 17 U.S.C. § 106(5).

23. On information and belief, Defendant's infringement has been knowing and willful.

24. Defendant has realized unjust profits, gains and advantages as a proximate result of its infringement.

25. Defendant will continue to realize unjust profits, gains and advantages as a proximate result of its infringement as long as such infringement is permitted to continue.

26. CFSI is entitled to an injunction restraining Defendant from engaging in any further such acts in violation of the United States copyright laws.  Unless Defendant is enjoined and prohibited from infringing CFSI's copyright, Defendant will continue to intentionally infringe CFSI's registered copyright.

27. As a direct and proximate result of Defendant's willful copyright infringement, CFSI has suffered, and will continue to suffer, monetary loss to its business, reputation, and goodwill. CFSI is entitled to recover from Defendant, in amounts to be determined at trial, the damages sustained and will sustain, and any gains, profits, and advantages obtained by Defendant as a result of Defendant's acts of infringement and Defendant's use and publication of the copied material.  CFSI is entitled to recover damages sustained as a result of Defendant's unauthorized copying, including (a) Defendant's profits; or (b) CFSI's damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendant as follows:

a. For damages in such amount as may be found, or as otherwise permitted by law pursuant to 17 U.S.C. § 504.

b. For an accounting of, and the imposition of constructive trust with respect to, Defendant's profits attributable to their infringements of Plaintiff's copyright.

    c.    For a preliminary and permanent injunction prohibiting Defendant, and its respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiff's copyright.

    d.    For prejudgment interest according to law.

    e.    For Plaintiff's attorneys' fees, costs, and disbursements in this action pursuant to 17 U.S.C. § 505.

    f.    For such other and further relief as the Court may deem just and proper.

Dated: January 5, 2016

**GRAY, PLANT MOOTY, MOOTY & BENNETT, P.A.**

By /s/Michael R. Gray
Michael Gray (MN #175602)
Kathryn Hauff (MN#0397494)
500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 632-3000
Facsimile: (612) 632-4444
mike.gray@gpmlaw.com
kathryn.hauff@gpmlaw.com

Aric S. Jacover (IL #6277709)
JACOVER LAW LLC
900 Grove, Suite 402
Evanston, IL 60201
Telephone: (312) 569-0434
aric@jacoverlaw.com

GP:4258947 v1